UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA              :

v.                                    :         CR. NO. 07-131-01 (JR)

JAMES BECTON                          :

DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION TESTIMONY
AND MEMORANDUM OF SUPPORTING POINTS AND AUTHORITIES
(Overt Acts 8, 9, 10, Count One)
(Overt Act 16, Count Five)

The defendant, through undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, and the Due Process Clause of the Fifth Amendment to the U.S. Constitution, respectfully requests that this honorable court suppress any and all in-court or out-of- court identifications of the defendant. In support of his request, the defendant states the following:

1. The defendant stands indicted along with approximately ten others, charged with a conspiracy to distribute narcotics in the area of 4th Street S.E. between 1995 and 2007. Trial in this case is scheduled for April 2008. At that trial, it is anticipated that the government will introduce evidence of four drug sales allegedly made by the defendant in 2001 and 2002. It is anticipated that one or more witnesses will attempt to make an in-court identification of the defendant.

2. To counsel's knowledge, the defendant has never been placed in any line up in this case. No photographic array was displayed to the witnesses. Nor was any "showup" identification procedure employed Consequently, any and all identifications will be made by witnesses within

1

the inherently suggestive atmosphere of the courtroom. These identifications will be made six or seven years after the events cited in the indictment.

    3. In Overt Act 8, Becton, along with co-defendant Best, was alleged to have sold crack cocaine to a police informant on May 11, 2001. In Overt Act 9, a crack sale is alleged to have occurred on May 22, 2001. Overt Act 10 involves an alleged sale by Becton on June 5, 2001. It is not known whether these three sales are alleged to have been made to the same person[1]. Overt Act 16, also charged as Count Five of the Indictment, allegedly occurred on June 19, 2002 and involved Becton and Best. It is significant to note that three of these sales are outside the scope of the applicable statute of limitations, and their age should create reasonable suspicion concerning reliability.

    4. The central focus of the Due Process Clause is the reliability of identification testimony. Watkins v. Sowders, 499 U.S. 341 (1981); Manson v. Braithwaite, 432 U.S. 98 (1977). When there is evidence of suggestivity, as there inevitably will be in this case, the court must conduct an inquiry to determine whether the reliability of any identification has been unduly tainted by the suggestivity. Clemons v. United States, 133 U.S. App. D.C. 27 (1968); United States v. Murray, 65 F.3d 1161 (4th Cir. 1995).

    5. In the instant case, it is necessary to determine whether any identification rests on an independent basis or is merely the selection of the defendant in a trial setting. Clearly, the witness or witnesses in these matters are either paid informants or individuals with criminal problems who had or have significant incentive to implicate the defendant. The taint of the trial setting cannot be removed and imperils the reliability of the identification process. Due process requires

---

[1] The informant is not identified by number or in any other way.

an exploration of the procedures leading up to, and the basis for, any in-court identification.

WHEREFORE, for the foregoing reasons, the defendant respectfully requests that this honorable court hold a hearing to determine if any independent identification can be made by any and all government witnesses.

Respectfully submitted,

_____/s/_____
Edward C. Sussman No. 174623
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 737-7110

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2007, a copy of the foregoing was served  electronically on all interested parties.

_____/s/_____
Edward C. Sussman