UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR. NO. 0-7-131-01 (JR) |
| JAMES BECTON | : | |

DEFENDANT BECTON'S IN LIMINE MOTION REGARDING
INTRODUCTION OF EVIDENCE CONCERNING OVERT ACTS ONE AND EIGHTEEN

The defendant, through undersigned counsel, pursuant to the Fourth Amendment of the U.S. Constitution, the Federal Rules of Criminal Procedure, and Rules 402 and 403, respectfully requests that this honorable court preclude the government from eliciting testimony described in Overt Acts 1 and 19, of Count One of the indictment.  In support of his request, the defendant states the following:

1.  The defendant stands indicted in a multi-count indictment charging him and numerous others with a conspiracy to sell cocaine and cocaine base in the area of 4000 4th Street S.E.  According to the charging document, the conspiracy is alleged to have operated between 1995 and 2007.

2. Mr.  Becton now requests that the government be precluded from introducing evidence regarding events charged in Overt Acts 1 and 18 of the indictment.[1]  .vert Act #1 describes an events occurring in January 1995.  According to discovery provided, narcotics officers observed a

---

[1] It should be noted that these overt acts are not elements of a conspiracy charged under 21 U.S.C. §846 and are, technically, surplusage. While they are often provided as "guides" to the jury, the defendant would request that overt acts 1 and 18 be stricken from the indictment.

Cadillac driving at a high rate of speed.  Officers observed James Becton and Christopher Becton (a co-defendant in this matter) get out of the car. Officers confirmed that Christopher Becton was wanted on an outstanding bench warrant and arrested him. A search of his person revealed an "Advil" bottle containing crack cocaine.  Following Christopher Becton's arrest, he provided a statement to law enforcement in which he implicated James Becton in criminal activity.

      3. To begin, defendant James Becton objects to any testimony that places him with Christopher Becton at the time of the arrest. James Becton was not arrested, nor accused of any offense.  No joint drug activity was observed by the police.  James Becton was simply in the company of another who had drugs secreted on his person.  Any mention of James Becton in connection with this incident proves nothing and under the balancing test of relevancy, is far more prejudicial than probative.  It should be excluded and reference to James Becton should be stricken from Overt Act #1.   With respect to the statement made by Christopher Becton, it is clearly covered by the well-defined prohibitions of <u>Bruton v. United States </u>(citation omitted) that is the subject of a separate defense motion.

      4. The events described in Overt Act #18 present a more complex situation.  The overt act describes an incident that occurred in November 2002.  The complainant, Russell Harris, was shot in the right leg at approximately 3:00 p.m. in the 4200 block of 4th Street S.E.  Harris, apparently, did not realize that he had been shot until sometime later.  Harris had heard shots but could not identify who shot him.  Seven months later, Harris viewed a photo spread and identified the defendant as the person who shot him.  Harris' girlfriend, Patricia Perkins, also provided testimony regarding the event.  Finally, a jail house informant who had testified in a number of cases, testified that Becton had made incriminating statements to him regarding the shooting.

5. Becton was acquitted in a jury trial in D.C. Superior Court.  While the defendant concedes that acquitted conduct can form the basis for admissible evidence. He maintains that the facts of this case do not support admissibility.  First, the events involve the only crime of violence regarding James Becton that is included in the indictment.  While the government obviously enjoys flavoring its drug cases with violent acts, the defendant maintains that the evidence in this matter is far more prejudicial than probative.   The victim initially claimed that he did not realize that he had been shot.  Not surprisingly, he did not know who shot him.   Months later, he identified Becton whom he knew as the shooter.  His girlfriend conveniently corroborated his story.   The jury apparently gave little credit to their revisionist version of history.

6. In an effort to involve the defendant in violent conduct, the government now appears to want to have a second trial in this matter.  While the evidentiary standard for admissibility is, concededly, different than the standard for criminal conviction, the defendant contends that this event does not survive the balancing test of FRE 403.  Moreover, the length of time required to present and defend against an event with marginal probative value would be extremely wasteful and time consuming in this multi-defendant matter.  The defendant respectfully requests that this honorable court preclude the government from introducing the facts alleged in Overt Act #18.

WHEREFORE, for the foregoing reasons, the defendant respectfully requests that this honorable court grant defendant's _in limine_ motion and preclude any and all reference to his participation in the events that form the basis of Overt Act No. 1 and 18.

Respectfully submitted,

_____/s/_____
Edward C. Sussman No. 174623
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 737-7110

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a copy of the foregoing was electronically served on all interested parties on this 21st day of December, 2007.

_____/s/_____
Edward C. Sussman