UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 07-131-01 (JR) |
| v. : | |
| : | |
| : | |
| JAMES BECTON, : | |
| Defendant. : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO SENTENCING
PURSUANT TO THE PROVISIONS OF 21 U.S.C. §§ 841(b)(1)(A)(iii) AND 851

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this Response to defendant's claims that he is not subject to an enhanced sentence pursuant to 21 U.S.C. §§ 841(b)(1)(A)(iii) and 851. Defendant wages these claims in his Sentencing Memorandum (document 317, filed 1/28/09), in which he argues that an alleged inconsistency in the jury's verdict form and a lack of documentation regarding his 1992 Superior Court drug conviction provide him relief from the statutory enhancement provisions. Defendant's claims are baseless and should be rejected.[1]

A.   **DEFENDANT'S CHALLENGES CONCERNING THE VERDICT FORM ARE MERITLESS AND SHOULD BE DENIED.**

Defendant claims that an "internal inconsistency" in the jury's verdict form in this case

---

[1] We ask that the Court consider this Response in conjunction with the Government's Sentencing Memorandum, to be filed under separate cover before defendant's January 30, 2009, sentencing hearing. The to-be-filed Sentencing Memorandum will set forth the government's position regarding an appropriate sentence for defendant Becton, taking into consideration the sentencing guidelines and the factors set forth in 18 U.S.C. § 3553(a). The purpose of this filing, meanwhile, is to separately set forth the government's response to the legal arguments raised by the defendant regarding the jury's verdict form and the use of his 1992 drug conviction to enhance his sentence pursuant to 21 U.S.C. §§ 841(b)(1)(A)(iii) and 851.

spares him from conviction of a conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, under 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). Having intentionally elected to forego the opportunity to clarify the verdict form with the jury while the jurors were still deliberating the fate of defendant's co-defendant, Christopher Becton, defendant is barred from raising this claim now. In any event, defendant's characterization and interpretation of the verdict form is mistaken. While perhaps not a model of clarity, the verdict form reflects that the jury found the defendant guilty of trafficking in 50 grams or more of crack cocaine. Any alleged inconsistency is not grounds for negating the jury's verdict, which finds overwhelming support in the evidence.

### 1. BACKGROUND

The jury returned its verdict in this case as to defendant James Becton on September 30, 2008. As the Court may recall, the jury announced its verdict of Guilty as to Count One, Narcotics Conspiracy, but was not asked specifically about its findings as to the weights of the narcotics that were the subject of the charged conspiracy. After the guilty verdict was read, the Court polled the jury as to its guilty verdict on Count One and the other counts of conviction. The jury confirmed it had reached a unanimous verdict on all counts of conviction, including the conspiracy count, but there was no specific inquiry made regarding drug weight. The Court then instructed the jury to continue its deliberations as to the co-defendant, Christopher Becton.

After the jury left the courtroom, the Court notified the parties of an apparent clerical error in the verdict form. The jury indicated a "guilty" determination on Count One, as well as a determination that the conspiracy involved 500 grams or more but less than 5 kilograms or more of cocaine. With regards to its drug weight finding for crack cocaine, however, the verdict form

read as follows:

```
      Cocaine Base, also known as Crack Cocaine

     (A) 50 grams or more of mixtures and
substances containing a detectable amount of
cocaine base, also known as crack cocaine.

     Proven___X____          Not Proven_____

     If you are unable to find unanimously that
the quantity of cocaine base was 50 grams or more,
then you should consider whether the drug quantity
was:

     (B) 5 grams or more but less than 50 grams of
mixtures and substances containing a detectable
amount of cocaine base, also known as crack
cocaine.

     Proven_____          Not Proven____X___
```

The jury thus checked as "Proven" that the defendant was responsible for 50 grams or more. But rather than proceeding to the next section of the verdict form – relating to the "telephone counts" – the jury mistakenly answered the verdict form question that inquired whether the defendant was responsible for more than 5 grams of crack cocaine, but less than 50 grams. To this, the jury checked "Not Proven."

After the parties had a chance to inspect the verdict form, the Government stated on the record its view that the verdict form reflected a jury verdict that defendant was responsible for (A) 500 grams to less than 5 kilograms of powder cocaine and (B) 50 grams or more of crack cocaine.[2] The Court agreed with this interpretation of the verdict form. But because the stakes

---

[2] Although we have obtained the trial transcripts, we neither ordered nor received the transcript of the verdict. Accordingly, the facts set forth in this paragraph are based on counsel's memory of the events.

3

were admittedly high – the jury's 50 gram-or-more finding triggered a 10-year mandatory minimum as well as a 20-year minimum penalty under the enhancement provisions 21 U.S.C. § 851 – the government queried whether, out of an abundance of caution, the Court ought to bring the jury back out to clarify its verdict form.  The Court indicated it was not inclined to conduct further follow-up because it believed the verdict form was clear.   Neither the government nor defense objected to this proposed course of action.  Specifically, the defense sat silently during this discussion and made no request for further follow-up or jury polling.  The jury, meanwhile, resumed its deliberations as to co-defendant Christopher Becton.  A short time later, the Court declared a mistrial as to that defendant.

> 2. **BECAUSE DEFENDANT ELECTED NOT TO SEEK FURTHER CLARIFICATION FROM THE JURY AT THE TIME OF VERDICT, HE HAS WAIVED ANY CHALLENGE TO THE VERDICT FORM**

As an initial manner, defendant's instant challenge to the verdict form must fail because on September 30, 2008, defendant elected not to seek further clarification from the jury or relief from the Court – in the form of a request for a specific inquiry or second jury poll – at a time when the jury was still available.  "That one will not be heard to complain of receiving what one asked for has a long tradition both in jurisprudence . . . and in common wisdom." *United States v. Harrison*, 103 F.3d 986, 992 (D.C. Cir. 1997).  *See also id.* at 992 (noting that Harrison's counsel had made an undoubtedly wise tactical decision to avoid having the jury learn prejudicial information, and that reversal therefore "would be utterly pointless except to provide an incentive for future litigants to lead the district court astray in order to profit from the resulting error"); *Miller v. Avirom*, 384 F.2d 319, 322 (D.C. Cir. 1967)  ("Questions not properly raised and preserved during the proceedings under examination, and points not asserted with sufficient

4

precision to indicate distinctly the party's thesis, will normally be spurned on appeal.") (footnotes and citations omitted).  Thus, just as a party "cannot assert one theory at trial and another on appeal," *Brown v. United States*, 864 A.2d 996, 1001 (D.C. 2005), it stands to reason that a party cannot intentionally forgo an opportunity to seek clarification on an alleged ambiguity in a verdict form, and then later complain of the alleged ambiguity once the time in which it could have been resolved has passed.

In choosing this sentencing proceeding as the venue in which to mount an attack on the verdict form, defendant is violating these fundamental principles.  Defendant had every opportunity on September 30 to speak up and seek clarification from the jury.  Defendant could have requested a poll on the issue of drug weight; he could have proposed a special verdict form once the alleged ambiguity was discovered; or he could have proposed some other alternative course to eliminate what he now claims is an inconsistency in the verdict form.  Defendant, however, elected to take no such step, and instead remained silent as the government and the Court stated their interpretation of the verdict form.  This decision to remain silent and not seek further clarification from the jury was a tactical one of counsel, and an imminently reasonable one at that.  Defense counsel did not want to give the jury an opportunity to clarify further a crack cocaine verdict that was already (a) clear and (b) devastating to the defense.  Conversely, counsel also reasonably may have chosen to remain silent because he was concerned about making further inquiry of the jury after they had *acquitted* Becton of the conspiracy to traffic in more than 5 kilograms of powder cocaine.  While counsel was certainly entitled to make such reasonable tactical judgments during trial, he is now foreclosed from arguing the supposed error.  Accordingly, defendant's challenge to his conviction based on the verdict form should be overruled.

3. **THE JURY CONVICTED DEFENDANT OF CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE 50 GRAMS OR MORE OF CRACK COCAINE, IN VIOLATION OF 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii)**

Even if the Court were to entertain defendant's arguments regarding the alleged inconsistency in the verdict form, the Government submits that the verdict form is as clear today as it was on September 30, and reflects a jury finding of guilty of trafficking in 50 grams or more of cocaine. A plain reading of the form shows that jury indicated as "Proven" that the defendant was responsible for 50 grams or more of cocaine base. The jury, of course, should have skipped altogether the next specific inquiry (whether the defendant was responsible for 5 grams or more, but less than 50). But given that it had *already* checked that the evidence proved a conspiracy involving 50 grams or more of crack cocaine, the jury's mistaken decision to check any box at all in response to this question was just that: a mistake. The jury's clerical mistake in checking "not proven" on the lesser-included offense does not negate its conviction on the greater charge or call it into doubt in any way.

In any event, even if the verdict form was internally inconsistent in this respect – and we do not believe it is – that inconsistency is not a basis on which to grant the drastic relief sought by the defendant, in essence, a judgment of acquittal on the jury's verdict as it pertains to crack cocaine of *any* specific weight. An analogous line of federal caselaw holds that an inconsistent verdict – including a verdict in which a jury convicts on a compound offense but acquits on the predicate – is not subject to judicial review. *See, e.g.*, *United States v. Powell*, 469 U.S. 57 (1984) (rejecting the contention that jury verdicts must be vacated merely because they cannot rationally be reconciled with each other); *United States v. Thomas*, 900 F.2d 37, 40 (4th Cir.1990) (rejecting the defendant's challenge to his conviction on the basis of inconsistency).

6

Thus, in *Powell,* the Supreme Court upheld a verdict in which the jury had found the defendant guilty of multiple counts of using a telephone to facilitate a drug conspiracy, but acquitted the defendant of conspiracy to distribute cocaine and of possession with intent to distribute cocaine.

We recognize that the decision in *Powell* related to inconsistent verdicts on separate charges, as opposed to an alleged inconsistency on what amounts to the presence/absence of an aggravating factor/element.  The *Powell* Court, however, specifically rejected the "Rule of Lenity" rationale advanced by defendant Becton here in support of his interpretation of the jury's verdict form.  Specifically, the Supreme Court "reject[ed], as imprudent and unworkable, a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them." *Id.* at 66.  The Court also noted that criminal defendants are protected against jury irrationality "by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts." *Id.* at 67.

The rule barring review of inconsistent verdicts counsels against second-guessing the jury's determination in this case.  As set forth above, the jury clearly found as "Proven" that defendant Becton participated in a conspiracy involving 50 grams or more of crack cocaine.  Moreover, an "independent review of the sufficiency of the evidence," *Powell*, 469 U.S. at 67, readily establishes a basis in the record for that conclusion.  The evidence showed that on July 27, 2001, the FBI recovered over 60 grams of crack cocaine from the apartment of one of Becton's co-conspirators in the "2nd Court" on Fourth Street.  The co-conspirator herself testified that the crack cocaine belonged to the defendant and was being stored there by him.  To bolster that testimony, the jury saw photographs of the defendant in the apartment that were taken before the execution of the search warrant.  Moreover, the jury heard substantial testimony about

7

defendant's narcotics trafficking from three other cooperating witnesses. Those witnesses separately testified about how the defendant routinely converted powder cocaine to crack cocaine and/or sold aggregate quantities of crack cocaine that easily exceeded 50 grams. That testimony, in turn, was substantiated by wiretap calls in which the defendant could be heard making arrangements for the sale and acquisition of powder cocaine, and collecting money from sales of crack cocaine. The cooperators' testimony that defendant was a high-level crack cocaine dealer was further reinforced by the search warrant executed at defendant's own residence, 1930 Addison Road, in District Heights, Maryland. There, the jury learned that FBI agents recovered a complete set of instruments used to convert cocaine powder to crack, including a wire beater, butter knife, and pyrex cup, all of which were coated with cocaine residue.

In short, the overwhelming evidence of defendant's involvement in a conspiracy involving more than 50 grams of crack cocaine puts the supposedly ambiguous verdict form in context. The overwhelming evidence also erases any suggestion of prejudicial mistake in the manner in which the jury completed the verdict form. Defendant's objections to the verdict reflected in the verdict form should be denied.

**B.     PURSUANT TO THE GOVERNMENT'S NOTICE OF ENHANCED PENALTIES, DEFENDANT MUST BE SENTENCED TO A MANDATORY-MINIMUM TERM OF TWENTY YEARS**

In a further effort to escape the 20-year mandatory-minimum prison term, defendant repeats and updates his earlier claims that the enhancement provisions of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 851 do not apply. These arguments are without merit and should be rejected.

1. **DEFENDANT'S "SET-ASIDE" CONVICTION FROM 1992 QUALIFIES AS A "PRIOR CONVICTION" UNDER 21 U.S.C. § 851**

Defendant first claims that his 1992 conviction for Attempted Possession With Intent to Distribute Cocaine in D.C. Superior Court case no. 1992 FEL 3580, which was "set aside" pursuant to the provisions of the District Youth Rehabilitation Act (now recodified at D.C. Code § 24-901 et seq.) (the "YRA"), does not qualify as a "prior conviction" under 21 U.S.C. § 841(b)(1)(A). Defendant made this arguments before trial, the Government filed two separate briefs in response,[3] and the Court previously indicated – but did not explicitly rule – that the defendant's objection would be overruled. As set forth in our earlier filings (which we incorporate here by reference) and in the D.C. Circuit's decision in *United States v. Law*, 528 F.3d 888, 911 (D.C. Cir. 2008), *cert. denied*, — S.Ct. — , 2009 WL 129261 (Jan. 21, 2009), defendant's 1992 "set aside" conviction qualifies as a "prior conviction" that subjects defendant "to a term of imprisonment which may not be less than 20 years and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(A). Defendant's argument to the contrary is simply incorrect.

2. **THE 1992 CONVICTION HAS BEEN SUFFICIENTLY ESTABLISHED FOR THE SENTENCING ENHANCEMENT**

Citing the decision in *Law*, defendant now makes the separate argument that, even if the 1992 conviction *is* a qualifying predicate, its existence has not been sufficiently established to support the penalty enhancement. Specifically, defendant claims that a certified copy of the set-aside order in his 1992 case, provided by the D.C. Superior Court Clerk's office, is insufficient

---

[3] *See* Government's Omnibus Response to Defendant James Becton's Pretrial Motions at 34 (Document #180, filed May 30, 2008); Government's Notice of Supplemental Authority in Support of Its Omnibus Response to Defendant James Becton's Pretrial Motions (Document #190, filed June 25, 2008).

proof of the earlier conviction.  In *Law*, the government relied on a docket-sheet entry to prove the defendant's earlier conviction.  528 F.3d at 911.  The D.C. Circuit indicated that the relevant question under 21 U.S.C. § 851(c) was whether the proffered evidence had "the necessary indicia of reliability" to support a finding beyond a reasonable doubt that the defendant was, in fact, the individual whose earlier conviction was reflected in the docket sheet.  The Court, however, did not reach the question because the it had been informed by the Government that, on remand, the Government would submit a copy of the judgment and order of commitment for the defendant's earlier conviction.

Although the court in *Law* did not need to reach the issue of the sufficiency of a docket sheet entry to prove a prior conviction, it is settled law that a court may take judicial notice of facts that are a matter of public record in determining whether a defendant was previously convicted.  *See Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006)*; see also Dial v. Johnson*, 259 F.2d 189, 190 (D.C. Cir. 1958) (stating that a court may take judicial notice of its own records).  Other appellate courts have recognized that a certified docket sheet, even from a different court, is adequate to establish the existence and authenticity of a prior conviction for purposes of sentencing enhancement.  *See United States v. Simpson*, 94 F.3d 1373, 1381 (10th Cir. 1996) (absent contradictory evidence by defendant, certified docket sheet adequate, under preponderance-of-the-evidence standard, to establish existence of prior conviction for purpose of sentencing enhancement under the Sentencing Guidelines); *cf. United States v. Acosta*, 287 F.3d 1034, 1037-38 (11th Cir. 2002) (government proved prior conviction beyond reasonable doubt by producing uncertified copy of juvenile adjudication where defense admitted defendant was person identified on adjudication).

Under the foregoing precepts, the government has more than sufficient evidence with "the necessary indicia of reliability" to establish defendant Becton's prior conviction. Although the government has not yet been able to obtain a copy of the actual judgment and commitment order,[4] a copy of the PD 163 arrest report that gave rise to the prosecution has already been produced to the defense. Furthermore, the government has already shared with the defense and the Court a certified copy of the D.C. Superior Court set-aside order from case no. F3580-92. This order, a copy of which was attached to our May 30, 2008, filing (Document #180), bears the caption *United States v. James Becton*, includes the case number (F-3580-92), and cites defendant James Becton's unique PDID number (445-559). The order further reads, in part:

> This matter comes before the Court on an application to discharge and set aside the conviction of the above-named defendant. After review of the defendant's file, the Court finds that: 1. ***The defendant was convicted of Attempted Possession with Intent to Distribute Cocaine on 11-12, 1992***, [and] 2. On 4-12, 1993, under the provisions of the Youth Rehabilitation Act of 1985, [t]he defendant was placed on probation.

(Bold and emphasis added). The Order goes on to direct that defendant's "conviction" be set aside, and was signed on November 14, 1994 by D.C. Superior Court Judge Frederick Weisberg.

By its own terms, this certified order states that defendant James Becton "was convicted of Attempted Possession with Intent to Distribute Cocaine" in 1992. The D.C. Code offense of Attempted Possession with Intent to Distribute Cocaine is a predicate drug felony for purposes of

---

[4] The United States did not learn that the defendant would be advancing this particular argument until defense counsel gave government counsel an oral "preview" of his sentencing arguments approximately one week ago. Since then, the United States has requested that the D.C. Superior Court Clerk's Office conduct a search for the case jacket in 1992 FEL 3580, so that the docket sheet and judgment may be obtained. The government has further caused a subpoena to be served upon the Clerk of the Court to produce those records at the sentencing hearing scheduled for Friday, January 30, 2009. As of this writing, we are advised that the D.C. Superior Court clerk's office is searching for the records at an off-site facility.

21 U.S.C. § 841(b)'s enhancement provisions. *See United States v. Budd*, 23 F.3d 442, 447 (D.C. Cir. 1994) (concluding that a prior conviction in the District of Columbia Superior Court under former D.C. Code § 33-541(a) (now D.C. Code § 48-904.01(a)), for attempted possession with intent to distribute a controlled substance (in that case PCP) is a felony for purposes of sentencing enhancement under 21 U.S.C. § 841(b)). Accordingly, the certified set-aside order for case number F3580-92 establishes that defendant James Becton was, in fact, convicted of a predicate felony.

Furthermore, our Court of Appeals has recognized that the government generally may satisfy its burden of proving "any facts that may be relevant in sentencing" by relying on undisputed facts in the presentence report. *United States v. Price*, 409 F.3d 436, 444 (D.C. Cir. 2005).[5] In this case, the fact of defendant Becton's 1992 conviction is an undisputed fact in the presentence report. (PSR ¶ 108a ).[6] Put differently, defendant Becton does not dispute the fact

---

[5] In *Price*, which defendant Becton cites, the defendant disputed the existence of two Maryland convictions used to calculate his criminal history category under the Sentencing Guidelines. 409 F.3d at 440, 444-45. The only reference to the Maryland convictions appeared in the Presentence Investigation Report ("PSR"), and the information relied upon by the probation officer was unclear. *Id.* The D.C. Circuit noted that the PSR's reference to "documentation from the District Court for Prince George's County, Maryland," and to "[c]ourt documents and criminal history information from the State of Maryland" "could be, for instance, to a docket listing, which would lack the necessary indicia of reliability for the Government to meet its [evidentiary] burden." *Id.* at 445. In *Price*, unlike in this case, the defendant "plainly disputed the factual accuracy of the PSR," by challenging whether at least one of the Maryland convictions was attributable to him. *Id.* Here, Becton does not claim that the 1992 conviction was not his, and, in fact, relies upon the allegedly insufficient set-aside order to claim that his 1992 conviction was set-aside and there is not a qualifying conviction for enhancement purposes.

[6] Although the presentence report writer did not include the 1992 conviction in the first draft of the presentence report, the PSR was updated to include it once the government brought the fact of the conviction to the PSR writer's attention. It is our understanding that the probation office did not catch the 1992 conviction in its background check on the defendant, in all likelihood because the conviction had been set aside. In response to a recent inquiry, the PSR writer could not definitively state whether the probation office took any further steps to obtain

of his 1992 conviction, and he has not included in his numerous challenges to the pre-sentence report a factual challenge to its inclusion. Defendant's argument, rather, is far more technical: he argues simply that the records to establish a fact (which he does not dispute) have not yet been produced. Defendant's argument in this regard is particularly disingenuous when one considers that the 1992 conviction was listed in the *last* presentence report prepared for the defendant, in D.C. Superior Court case number F3557-03, for a sentencing hearing scheduled to take place on April 16, 2004. Pages 3 and 6 of that report explicitly referenced the 1992 conviction and indicated that defendant was sentenced to a term of probation for it. Nowhere in the earlier presentence report was there any indication, in the slightest, that defendant disputed the existence of his earlier 1992 conviction. Given the protected nature of presentence reports, we will provide copies of the earlier report to the Court and defense counsel before sentencing, but we are not including it as an attachment to this public filing.

      In sum, while we hope to obtain a copy of the actual judgment from the 1992 case and thereby moot this issue, *see supra* n.4, the Court already has sufficient evidence before it now to establish the prior conviction, overrule defendant's objection, and sentence defendant to the mandatory-minimum 20-year prison term.

---

the court files relating to defendant's 1992 conviction after the United States noted its omission. As set forth in the above paragraph, however, an earlier PSR prepared for the defendant in 2004 *included* the 1992 conviction in its listing of defendant's criminal history.

**CONCLUSION**

For the foregoing reasons, the Court should reject defendant's claims that he is not subject to an enhanced sentence pursuant to 21 U.S.C. §§ 841(b)(1)(A)(iii) and 851. We respectfully submit that the Court should impose a sentence that includes a mandatory-minimum term of 20 years, and, further, that the Court should sentence the defendant as set forth in the Government's Sentencing Memorandum to be filed under separate cover.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

_____/s/_____
ARVIND K. LAL, Bar No. 489396

_____/s/_____
MATTHEW P. COHEN, Bar No. 469629
Assistant United States Attorneys
555 4th Street, N.W., Room 4118
Washington, DC 20530
Matthew.Cohen2@usdoj.gov
(202) 514-7427 office
(202) 514-8707 fax