UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) )   )   |
| v. | ) )   No. 07-cr-131-01 (KBJ) |
| JAMES BECTON, | ) )   )   |
| Defendant. | ) )   ) |

## MEMORANDUM OPINION AND ORDER

Before this Court at present is Defendant James Becton's Motion to Reduce Sentence under section 404 of the First Step Act of 2018 ("First Step Act"), Pub. L. 115-391, § 404, 132 Stat. 5194 (2018). (*See* Def.'s Mot. to Reduce Sentence ("Def.'s Mot."), ECF No. 587.) Becton is currently serving a 300-month sentence for his participation in a drug conspiracy involving "between three and one-half kilos and five kilos of cocaine powder." (*See id.* at 5.)[1] Becton contends that he is entitled to a sentence reduction under the First Step Act, because he was "sentenced for a covered offense that was subsequently modified by the Fair Sentencing Act[.]" (*See id.* at 2.) He also argues that the Court should reduce his sentence in light of the Sentencing Commission's amendments to the Guidelines range that is applicable to his offense. (*See id.* at 5–6.) The Government opposes Becton's motion, primarily on the grounds that Becton was not sentenced for a "covered offense" within the meaning of the First Step Act, and also because section 404 does not permit sentence reductions based on a

---

[1] Page-number citations refer to the page numbers that the Court's electronic filing system automatically assigns.

change in the Guidelines range.  (*See* Gov't Opp'n to Def.'s Mot. to Reduce Sentence ("Gov't Opp'n"), ECF No. 589, at 1, 7.)  In response, Becton argues that the Court should account for the Sentencing Commission's change to the applicable Guidelines range under 18 U.S.C. § 3582(c)(2), in addition to section 404 of the First Step Act.  (*See* Def.'s Reply, ECF No. 590, at 9.)

This Court has carefully considered the parties' submissions and the evidence in the record, and for the reasons discussed below, the Court concludes that Becton was not "sentenced pursuant to the penalties for [a] covered offense" (*see* Def.'s Mot. at 3 n.2), such that he is ineligible for a sentence reduction under section 404 of the First Step Act.  The Court further finds that Becton has failed to brief his argument with respect to 18 U.S.C. § 3582(c)(2) adequately, and as a result, the Court cannot evaluate his entitlement to relief under that provision at this time.  Accordingly, Becton's motion to reduce his sentence is **DENIED without prejudice**.

I.

In 2010, Congress passed the Fair Sentencing Act ("FSA") to reduce the disparity between sentences for cocaine base offenses and powder cocaine offenses.  *See* FSA, Pub. L. 111-220, 124 Stat. 2372 (2010).  To achieve that end, section 2 of the FSA increased the minimum amount of cocaine base that is necessary to trigger various statutory penalties under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, while leaving in place the statutory penalties associated with powder cocaine offenses, *see* FSA § 2.  The First Step Act, which was enacted in 2018, permits courts to apply the FSA's change retroactively and thereby reduce a defendant's sentence for a "covered offense," which the First Step Act defines as a "violation of a Federal criminal statute,

the statutory penalties for which were modified by section 2 . . . of the [FSA.]" *See* First Step Act § 404(a).  Specifically, under section 404 of the First Step Act, a court may "impose a reduced sentence" for a covered offense "as if" section 2 of the FSA was "in effect at the time the covered offense was committed." *See id.* § 404(b).[2]

As numerous courts have held, motions for sentence reductions under section 404 of the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which allows courts to modify a defendant's term of imprisonment "to the extent otherwise expressly permitted by statute[,]" and a court may do so without holding a hearing that "afford[s] the defendant[] an opportunity to be present[.]" *See United States v. White*, 413 F. Supp. 3d 15, 38–42 (D.D.C. 2019) (explaining why proceedings under section 404 of the First Step Act are subject to 18 U.S.C. § 3582(c)(1)(B)); *see also United States v. Lawrence*, No. 03-cr-00092, 2020 WL 5253890, at *5–6 (D.D.C. Sept. 3, 2020) (adopting the reasoning in *White* and holding that section 404 does not authorize a "plenary resentencing proceeding").  Thus, in evaluating Becton's motion under the First Step Act, this Court must focus on section 404's plain text, and determine whether "the statutory penalties for the Federal criminal statute applied to [Becton] at sentencing were modified by" section 2 of the FSA. *See White*, 413 F. Supp. 3d at 31 (internal quotation marks and citation omitted).

II.

The Court concludes that Becton is not eligible for a sentence reduction under

---

[2] Section 404 of the First Step Act precludes courts from reducing a defendant's sentence under two limited circumstances, neither of which is at issue here. *See* First Step Act § 404(c) (prohibiting a sentence reduction "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act" or "if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits").

3

section 404 of the First Step Act, because he was not "sentence[d] for a covered offense." First Step Act § 404(b).

At the time of Becton's indictment, conviction, and sentencing, the Controlled Substances Act mandated a ten-year minimum penalty for drug trafficking offenses involving fifty grams or more of cocaine base, *see* 21 U.S.C. § 841(b)(1)(A)(iii) (2006), or five kilograms or more of powder cocaine, *see id.* § 841(b)(1)(A)(ii) (2006). The Controlled Substances Act also imposed a mandatory sentencing range of five to forty years of imprisonment for offenses involving 500 grams or more of powder cocaine, *see id.* § 841(b)(1)(B)(ii) (2006), or a mandatory minimum penalty of ten years in cases where the defendant had previously been convicted of a felony drug offense, *see id.* § 841(b)(1)(B) (2006). As relevant here, a jury found Becton guilty of one count of "Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Cocaine Base, 5 Kilograms or More of Cocaine, and Cannabis," in violation of 21 U.S.C § 846. (*See* Judgment, ECF No. 329, at 1.) And on the verdict form, the jury indicated that Becton was accountable for "500 grams or more but less than 5 kilograms" of powder cocaine. (*See* Verdict Form, ECF No. 248, at 2.) The jury also found Becton responsible for a "detectable amount" of cocaine base and "50 grams or more" of cocaine base. (*See id.* at 1, 2.) However, the jury simultaneously indicated that Becton was *not* accountable for "5 grams or more but less than 50 grams" of cocaine base. (*See id.* at 2.)

At sentencing, the Court (Robertson, J.) resolved in Becton's favor the ambiguities in the jury's findings. Instead of sentencing Becton for a drug trafficking offense involving 50 grams or more of cocaine base, the Court held Becton accountable

4

for only a detectable amount of cocaine base—between zero and five grams—and clarified that the weight of the cocaine base would "play[] no role at all" in the Court's calculation of Becton's sentence.  (*See* Sentencing Hr'g Tr., ECF No. 347, at 3, 7.)  The Court also determined that Becton was responsible for "between three and a half kilos and five kilos" of powder cocaine (*see id.* at 4), thereby subjecting Becton to the Controlled Substances Act's five-year mandatory minimum penalty under 21 U.S.C. § 841(b)(1)(B)(ii).  Yet, because Becton had a prior felony drug conviction (*see* Pre-Sentencing Hr'g Tr., ECF No. 346, at 20; Sentencing Hr'g Tr. at 12), the statutory minimum penalty for his powder cocaine offense increased from five to ten years, *see* 21 U.S.C § 841(b)(1)(B).  Against that statutory backdrop and the applicable Guidelines range, the Court sentenced Becton to 300 months of imprisonment, taking into account the nature of Becton's offense and his criminal history.  (*See* Sentencing Hr'g Tr. at 4–5, 16–18.)

The FSA did not alter the statutory provisions underlying Becton's sentence.  As explained above, the FSA increased the minimum amount of *cocaine base* needed to trigger the Controlled Substances Act's mandatory minimum penalties, *see* FSA § 2, and it did not amend the statutory penalties associated with offenses involving 500 grams or more of *powder cocaine*, which was the only statutory penalty that actually applied to Becton's sentencing.  *See White*, 413 F. Supp. 3d at 31.  Consequently, Becton was not sentenced for a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 . . . of the [FSA,]" *see* First Step Act § 404(a), and he therefore does not qualify for a sentence reduction under section 404.

In resisting this conclusion, Becton insists that he was "sentenced for a

5

conspiracy where one of the objectives was to distribute [cocaine base] – a covered offense[.]"  (*See* Def.'s Reply at 4; *see also id.* at 7–9 (arguing that the "conspiracy of conviction" determines a defendant's eligibility for a sentence reduction, not "the relevant conduct for which [the defendant] was found responsible").)  But the mere fact that Becton was sentenced for a conspiracy that involved cocaine base and other illegal narcotics does not mean that he was sentenced for a covered offense.  To be sentenced for a covered offense under the First Step Act, Becton must have (1) violated "a Federal criminal statute" whose statutory penalties were modified by the FSA, and (2) been sentenced according to the statutory penalties associated with that offense.  *See* First Step Act § 404(a)–(b).  Neither element is present here.  The FSA did not change the statutory penalties for an offense involving zero to five grams of cocaine base, and the weight of the cocaine base did not play any role in the Court's application of the Controlled Substances Act's mandatory minimum penalties.  Likewise, even though the jury convicted Becton of an offense involving a "Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Cocaine Base" (*see* Judgment at 1), Becton was not *sentenced* according to the statutory penalties for that offense (*see* Sentencing Hr'g Tr. at 3).  Thus, although section 404(b) of the First Step Act permits a court to "impose a reduced sentence as if" the reduced penalties in the FSA "were in effect at the time the covered offense was committed[,]" First Step Act § 404(b), where, as here, the "FSA provisions [at issue] have no effect on a defendant's sentence, no sentence reduction is available to award," *White*, 413 F. Supp. 3d at 50.

As additional bases for seeking a reduction in his sentence under section 404, Becton argues that Congress lowered the statutory sentencing enhancements for

6

defendants with prior convictions for felony drug offenses, and also that the applicable sentencing Guidelines range for his conspiracy conviction is now lower than it was at the time of his sentencing.  (*See* Def.'s Mot. at 5–6.)  Both arguments are misplaced.  To start, Congress amended the statutory sentencing enhancements for defendants with prior felony drug convictions in section 401 of the First Step Act, not section 404.  *See* First Step Act § 401.  And unlike section 404, section 401 does not apply to defendants who were sentenced before the First Step Act's passage.  *See id.* § 401(c) (limiting section 401's applicability to defendants who had not been sentenced at the time the First Step Act was passed).  Moreover, based on the Court's findings at sentencing, the only relevant prior felony enhancement in Becton's case was the prior felony enhancement pertaining to crimes involving 500 grams or more of powder cocaine, *see* 21 U.S.C. § 841(b)(1)(B), and *that* prior felony enhancement was not lowered by the First Step Act, *see* First Step Act § 401(a)(2).

Becton's argument regarding the Sentencing Commission's change to the applicable Guidelines range fares no better, because by its own terms, section 404 authorizes courts to reduce sentences involving "statutory penalties" that were modified by the FSA.  *See id.* § 404.  The provision lacks any similar language permitting courts to reduce sentences based on amendments to the relevant Guidelines range.

### III.

Perhaps in recognition of the First Step Act's limited scope, Becton appears to raise arguments under two additional statutory provisions: 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 3582(c)(2).  Section 3582(c)(1)(A) permits a court to reduce a defendant's sentence for "extraordinary and compelling reasons[,]" so long as the

7

reduction "is consistent with the applicable policy statements issued by the Sentencing Commission[.]" *See* 18 U.S.C. § 3582(c)(1)(A).  "Extraordinary and compelling reasons" for a sentence reduction can include a defendant's serious medical conditions, *see* U.S.S.G. § 1B1.13, cmt. n.1(A)(ii) (2018), and a heightened risk of severe illness or death from COVID-19, *see United States v. Johnson*, No. 15-cr-125, 2020 WL 3041923, at *10 (D.D.C. May 16, 2020), both of which Becton contends that he has (*see* Def.'s Mot. at 6–7; Def.'s Reply at 13).  But to the extent that Becton seeks relief under section 3582(c)(1)(A), he must exhaust his administrative remedies and then file a motion under that provision.  *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Douglas*, No. 10-cr-171-4, 2020 WL 5816244, at *3 (D.D.C. Sept. 30, 2020) (denying a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) for failure to exhaust administrative remedies); *United States v. Goldberg*, No. 12-cr-180, 2020 WL 1853298, at *5 (D.D.C. Apr. 13, 2020) (denying a motion for compassionate release in part because the record did not demonstrate that the defendant had satisfied the statute's exhaustion requirement).  Becton has failed to follow those requirements here.

If the Court were to entertain Becton's argument that it should reduce his sentence pursuant to section 3582(c)(2) of Title 18 (*see* Def.'s Reply at 9–15), that provision—which permits sentence reductions "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[,]" 18 U.S.C. § 3582(c)(2)—requires the Court to analyze the sentencing factors outlined in 18 U.S.C. § 3553(a), including the "nature and circumstances of the offense[,]" Becton's "history and characteristics[,]" and the "need for the sentence imposed . . . to protect the public from further crimes of

the defendant[,]" *id.* § 3553(a)(1)–(2). But Becton has barely addressed the section 3553(a) factors in his brief. Therefore, the Court is not in a position to assess his eligibility for relief under section 3582(c)(2) at this time.[3]

IV.

For the reasons explained above, this Court finds that Becton is ineligible for a sentence reduction under section 404 of the First Step Act, and that he has failed to brief his entitlement to relief under section 3582(c)(2) of Title 18 sufficiently.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Reduce Sentence (ECF No. 587) is **DENIED without prejudice** insofar as it requests relief under section 404 of the First Step Act. It is

**FURTHER ORDERED** that, on or before November 6, 2020, Defendant shall file a supplemental brief regarding his request for relief under 18 U.S.C. § 3582(c)(2) that fully addresses how section 3553(a)'s sentencing factors should be evaluated under the circumstances of his case. The Government shall file a response to Defendant's supplemental brief on or before November 20, 2020.

DATE: October 23, 2020

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

---

[3] Courts also evaluate section 3553(a)'s factors when addressing motions under section 404 of the First Step Act. *See United States v. Mitchell*, No. 05-cr-00110, 2019 WL 2647571, at *7 (D.D.C. June 27, 2019). In this case, the Court need not address those factors with respect to section 404 since Becton is not eligible for relief under that provision for the reasons already discussed.

9