IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | Docket No. 1:07cr131- 01 |
| **JAMES BECTON** : | |
| : | |
| **Defendant** : | |

## MOTION FOR APPROPRIATE RELIEF
## UNDER 18 U.S.C. §3582(c)(1)(A)

James Becton, through counsel, requests this Court to exercise its discretion under 18 U.S.C. §3582(c)(1)(A) and grant him a modification of his term of imprisonment based on his physical and medical condition. Mr. Becton is 47 years old and suffers from HIV as well as chronic ulcerative colitis and anemia. His medical conditions are serious and place him at greater risk to become infected with COVID-19's Delta and Delta-plus variants than most others. Although COVID-19 is in somewhat of a remission with the general population, it is far from being under control. The new Delta variant is extremely contagious. It has come to the United States and is the dominant form in the Country at this time. It causes a more serious version of this illness. Mr. Becton's medical conditions make him unusually susceptible to this new variant of the disease and to a bad outcome if he contracts it.

Mr. Becton contracted COVID-19 in December 2020, along with most of his unit at the FCI. They were generally placed on lockdown. In January or February 2021, he was offered a vaccine by a nurse, but could not take it. The medication for his chronic colitis suppresses his immune system. The vaccine, on the other hand, does the opposite. It stimulates the immune system. That issue was too complex for the nurse through no fault of her own. He was and is, understandably, concerned about the contradictions in what the medications do in that one of his medications suppresses his immune system and the vaccine would stimulate it. At this time, he is, because of his suppressed immune system caused by his colitis medication and HIV positive status, very susceptible to the Delta and Delta-plus variants. It does not appear as though his prior COVID-19 infection is necessarily a protection from the Delta variant.

This Court has been authorized by Congress to exercise its discretion and grant him the relief sought which is what is requested.

## I.    Background.

Mr. Becton is now 47 years old and has served 14 years, which is over 50% of his sentence. His sentence was reduced from the original 300 months imposed in February 2009 to 246 months in May 2021 due to changes in applicable sentencing laws. The underlying case was a drug conspiracy with multiple related telephone counts for which he was tried and convicted.

At his age, he has essentially aged out of what some academics might term his "crime years". What that means is that, at his age, the likelihood of his continuing to engage in criminal activity is negligible. That fact is bolstered by his support from CURE, which, after looking into his current development, has determined that he is someone who can help them in their mission of deterring young people from going down the wrong path. (See Attached.) CURE will help sponsor him upon his release so that he can engage in mentoring young people to guide them away from what he had done when he was a young man so many years ago. His maturity and the change in his life has led CURE to want to avail themselves of the perspective on life he has gained while in prison to help prevent young people of today from becoming the way he was back then in his younger days and lacked such guidance. His release, if granted, does not pose a risk to the community of his reoffending. It would, in fact, benefit the community through his work with CURE while also protecting his health.

## II.     The Framework of 18 U.S.C. §3582(c)(1)(A).

When the First Step Act was passed, it amended 18 U.S.C. §3582(c)(1)(A) to allow the district courts to make their own independent determinations about releasing an inmate under its provisions. The new requirement is that an application under this statute be made to the Warden and, if there has been no action within 30 days of the application, then a trial

court is authorized to exercise its discretion and make its own decision concerning modification of the term of imprisonment. Part of the impetus behind the Congressional change in §3582(c)(1)(A) was that the Bureau of Prisons so poorly managed the compassionate release process and failed to establish timeline standards for reviewing prisoner requests, that Congress felt compelled to allow courts to intervene in the process when a 30-day period had lapsed after the application to the Warden, and the Warden had taken no action.[1] See *United States v. McCoy,* 981 F.3d. 271 (4th Cir. 2020). That was a compassionate release case but it was not grounded in medical circumstances. It did, however, address the authority granted by Congressional amendments. District courts are now "empowered … to consider any extraordinary and compelling reason for release that a defendant might raise." *McCoy, supra*, at 276. (Citing to *United States v. Zullo*, 976 F.3d. 228, 230 (2nd Cir. 2020)). The Bureau of Prisons is no longer the gatekeeper. It was so resistant to the program that Congress enacted a work-around. This Court has the power to protect Mr. Becton from the risk the Delta variant poses to his compromised immune system.

---

[1] Mr. Becton made an application to the Warden at FCI Hazelton more than 30 days ago and has received no response. (See attached Application).

- 4 -

## III. James Becton's compromised immune system and health place him at great risk.

While there is general understanding that the COVID-19 Pandemic has been brought under greater control among the general population than it was just six or eight months ago, that does not mean that the disease is under control, nor that it has reached the point where there is no longer any danger from it.  In fact, the new Delta variant from India and Delta-plus from South Africa have taken hold within the United States.  Delta is the dominant strain here.  It is significantly more contagious and causes a much more serious illness.  It forced postponement of England's intended lifting of restrictions and whether they will be lifted later this month is still not yet clear.  It is more virulent in that it is more easily spread, and, when an individual becomes ill with it, the sickness is much more severe.  At present, there is serious concern in many states, because of their low rates of vaccination, that there will be a major recurrence.

Mr. Becton would have taken the vaccine had he not faced contradictory or conflicting consequences between his current immune suppressing medication and the vaccine's stimulation of the immune system.  The Delta variant poses a greater threat for Mr. Becton than it does to others because he is an inmate and because his HIV condition places him in a situation where his auto-immune disease and his colitis medication's

suppression of his auto immune system make him more susceptible to the disease.  There is no mathematical model that Mr. Becton has to offer on the precise risk he faces, but there can be little doubt that his immune system is in a rare state compared to the general population and that this poses an out of the ordinary risk for him.  There is little he can do to protect himself in prison.

## IV.   Modification is Consistent with §3553(a).

Modifying Mr. Becton's term of imprisonment would also be consistent with §3553(a)(2)(D)'s recognition that sentences should include consideration of the need for medical care. Medical care in the prison environment is nowhere near that available on the outside.  There is no budget for the B.O.P. to provide that level of medical services.  His chances of avoiding the Delta variant, and surviving if he becomes infected, are far greater for him if he is not in prison.  At this point, the defense knows of no statistical study which shows a precise mathematical calculation of his individual risk.  This Court's discretion is what will decide.

The provisions of §3553(a) mitigate in favor of granting the relief sought.  §3553(a) is to be considered when deciding a §3582(c)(1)(A) motion. Factors under §3553(a) such as the need to protect the public from future crimes, (a)(2)(C), is not problematic because, given Mr. Becton's age, the need to protect the public from future crimes by him is not something which should

cause concern. In this regard, CURE's willingness to take him in and their intent to have him help with their program to prevent young people from embarking on the wrong path is not insignificant. They are experienced in determining who can help them with their mission, and their confidence, shown by choosing him, merits consideration. Deterrent to criminal conduct for others is, likewise, not a §3553(a) factor which should lead to denial of this motion because he has not only served 50% of his sentence, been in prison for 14 years, and is now 47 years old, but he has also shown that he has become someone who can assist in achieving deterrence by accepting the position offered by CURE to help deter young people before they enter into the misguided life path that he had when he was a young man without guidance.

The just punishment factor regarding the seriousness of the offense in (a)(2)(A) is something prosecutors frequently argue. That consideration has long been greatly touted as a sound basis for long sentences and not giving individuals a break, but it has proved, in practical terms, to be ineffective. It has resulted in massive incarceration of many people for extremely long sentences but to no good result. Our Country is noted for having only 5% of the world's population but an out of proportion 25% of the world's prison population. Our massive incarceration system and War on Drugs has put a great many people away for very long times, but has had little positive effect

and almost no salutary impact on the nation's drug problem.  The resources spent to keep Mr. Becton in prison would be put to better use if he were to be allowed release so that he could obtain medical care in a healthier environment than prison while at the same time helping mentor others to deter them from a future life of crime by working with CURE.

Since the enactment of the Guidelines in 1988, there has been a deeply entrenched approach of using long prison sentences as a means to solve society's problems.  That this approach is not beneficial for society was not easily recognized.  Now that its failure is acknowledged, Congress has amended the sentencing laws, the Guidelines have changed, and the application of compassionate release amended to authorize courts to make the decision after a Warden, as in this case, has not acted in 30 days.  The American people, for whom all of the branches of the government work, have been steadily moving to curtail the "War on Drugs" and curb its failed draconian approach to cure society's ills by imposing  long prison sentences.  This statutory scheme under 18 U.S.C. §3582(c)(1)(A) allowing release in situations like those of Mr. Becton is an example of the people's will, through Congress, which seeks the application of compassion for those inmates who are outside of ordinary medical circumstances and pose a low risk of recidivism.  This Court is respectfully requested to exercise its discretion and

grant him relief.  He poses a low risk of recidivism and is outside of ordinary medical circumstances.

Upon his release, Mr. Becton would live with his fiancé Chantece Mendoza at 3416 4th Street SE, #520, Washington DC 20003.  He would be working with the non-profit CURE for Violence in the Streets of Washington to prevent today's young people from following the bad path on which he embarked many years ago when he was a young man and did not have the benefit of such guidance.  He has a network of individuals who would help see that he was able to obtain the medical care he needs.

WHEREFORE, this Court is asked to grant the release sought and such other relief as in this cause is just and proper.

>                             JAMES BECTON
>                             By Counsel

_____/S/_____
MARVIN D. MILLER, ESQ.
The Law Offices of Marvin D. Miller
1203 Duke Street
Alexandria, VA 22314
ofc@mdmillerlaw.com
703 548-5000
703 739-0179 fax

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, sending a notification of such filing to the Office of the US Attorney.

_____/S/_____
MARVIN D. MILLER