UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff <br><br> v. <br><br> **JAMES BECTON**, <br><br> Defendant. | Case No. 07-cr-00131-1 (TNM) |

**MEMORANDUM ORDER**

James Becton is serving over 20 years on a drug charge and related offenses. He has sought compassionate release from prison twice. *See* Mot. for Compassionate Release, ECF No. 600; Sec. Mot. for Compassionate Release, ECF No. 617. The Court denied both motions. *See* Mem. Order, ECF No. 611; Mem. Order, ECF No. 619. Now, Becton asks the Court to reconsider that second denial. Mot. for Recons. (MFR), ECF No. 624. But Becton points to no "change of controlling law, . . . new evidence, or . . . need to correct a clear error or prevent manifest injustice." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (cleaned up). So the Court denies his motion.

I.

On a motion for reconsideration under Rule 59(e), a prisoner must show a "change of controlling law, . . . new evidence, or the need to correct a clear error or prevent manifest injustice." *Niedermeier*, 153 F. Supp. 2d at 28 (cleaned up). These "disfavored" motions must be denied if they merely "raise arguments or present evidence that could have been raised" the first go around. *Id.* (cleaned up).

## II.

All but one of Becton's arguments could have been raised before or were raised before and rejected. That sinks those claims. *See Morrissey v. Mayorkas*, 17 F.4th 1150, 1163 (D.C. Cir. 2021). For instance, Becton argues that "racial and ethnic minorities . . . are at even higher risk for severe COVID-19 illness." MFR at 12. And he claims that his history of smoking makes him more susceptible to COVID. *Id.* at 13. Plus, he notes that past infections do not preclude future ones. *Id.* at 16. But he could have made these claims before; in support, he cites studies or cases from 2020 or 2021, authorities available to him when he made his initial motion.

One bit of Becton's motion is new. He appears to have been transferred to a new prison—FCI Edgefield. *Id.* at 23. His new prison, he says, has failed to adequately protect him from COVID and the situation there is "dangerous." *Id.* Not so. As of April 17, 2023, Edgefield has only one confirmed COVID infection. *See* COVID-19 Cases, BOP, https://www.bop.gov/coronavirus (last visited April 17, 2023). That is neither extraordinary *nor* compelling. *See United States v. Jenkins*, 50 F.4th 1185, 1197 (D.C. Cir. 2022) (defining both).

Becton's motion repeats arguments that the Court has rejected before and raises new ones that he could have raised sooner. And his new prison argument is unconvincing. So the Court must deny Becton's motion.

## III.

For these reasons, it is

**ORDERED** that Defendant's [624] Motion for Reconsideration is DENIED.

**SO ORDERED.**

Dated: April 18, 2023                                          TREVOR N. McFADDEN, U.S.D.J.