UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JAMES BECTON**, <br><br> Defendant. | Case No. 1:07-cr-00131 (TNM) |

**MEMORANDUM ORDER**

In 2009, James Becton received a 300-month sentence for orchestrating a decade-long conspiracy to distribute drugs in his neighborhood. *See* Verdict at 1–3, ECF No. 248; Minute Entry (Feb. 5, 2009) (sentencing proceedings). In 2021, Judge Ketanji Brown Jackson reduced his sentence to 246 months to account for a retroactive change in the U.S. Sentencing Guidelines. *See* Order, ECF No. 599. Since then, Becton twice sought compassionate release, and the Court denied both motions. *See* Order, ECF No. 611; Order, ECF No. 619.

Now Becton seeks yet another reduction in his sentence—to a sentence of "time served." *See* Def.'s Mot. Reduce Sentence at 1, ECF No. 636.[1] Becton is eligible for such a reduction because of a Guidelines amendment impacting so-called "status points." *See* Amend. 821 (Part A), U.S.S.C. (eff. Nov. 1, 2023). But the applicable sentencing factors in 18 U.S.C. § 3553(a) do not warrant a reduction. So the Court denies Becton's motion.

**I.**

Before his arrest, Becton spent over ten years organizing and leading a criminal conspiracy to distribute drugs in Southeast Washington, D.C. *See United States v. Becton*, No.

---

[1] Becton also filed a *pro se* motion seeking early release. *See* Mot. for Compassionate Release, ECF No. 629. But that motion raises materially identical arguments to those raised in the motion Becton filed through counsel. So this Order resolves both motions, but primarily engages with the one he filed through counsel.

07-cr-00131 (TNM), 2021 WL 6621166, at *1 (D.D.C. Dec. 16, 2021) ("*Becton I*").  He served as the exclusive wholesaler for powder and crack cocaine to street level dealers in his neighborhood.  *Id*.  He controlled his turf through a combination of threats and violence.  *Id*.  In 2009, Judge Robertson sentenced Becton to 300 months' incarceration and 120 months of supervised release.  *Id*.

In 2020, Becton moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on a change in the Sentencing Guidelines.  *Id*.  Judge Jackson granted his motion and reduced his term of imprisonment to 246 months.  *Id*.  Without factoring in good-time credits, Becton will complete this sentence in November 2025.  But Becton has tried multiple times to accelerate his release date.  Since his 2020 sentencing reduction, he filed two motions for compassionate release.  This Court denied both motions.  *See Becton I*, 2021 WL 6621166, at *4; *United States v. Becton*, No. 07-cr-00131 (TNM), 2023 WL 1100708, at *6 (D.D.C. Jan. 30, 2023) ("*Becton II*").  Now Becton asks for a sentence of "time served" based on a recent and retroactive change to the Guidelines.  Def.'s Mot. at 1.  That motion is ripe.

## II.

Last year, the U.S. Sentencing Commission promulgated Amendment 821, which changes how "status points" affect criminal history calculations.  *See* Amend. 821 (Part A), U.S.S.C. (eff. Nov. 1, 2023).  Under that amendment, the Guidelines no longer add two "status points" to an offender's criminal history score for "committ[ing] the instant offense while under any criminal justice sentence."  *Id*.  Now, offenders like Becton, who have more than six criminal history points, receive only a single status point.  *See* U.S.S.G. § 4A1.1, application note 5.

Becton says this single point makes a difference. It leaves him with only nine criminal history points, which places him in Criminal History Category IV instead of V. Paired with his total offense level of 34, Becton's advisory sentencing range becomes 210 to 262 months instead of 235 to 293 months. U.S.S.G. Ch. 5 Pt. A (Sentencing Table). Because this change to the Guidelines happened after Becton was sentenced, the Court has discretion to reduce his sentence. *See* 18 U.S.C. § 3582(c)(2). Any reduction must satisfy the Commission's "applicable policy statements" and account for any applicable factors in 18 U.S.C. § 3553(a). *Id.*

Evaluating a sentencing reduction under § 3582(c)(2) boils down to a two-step process. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court must examine if Becton is eligible for a reduction. *Id.* at 827. And it does so by assessing whether Becton's original sentence was based on a guideline range that has since been lowered by the Sentencing Commission through a retroactive Amendment to the Guidelines. *Id.* The Court must determine what the Guideline range would have been had the amendment been in effect when Becton was originally sentenced. *Id.* The Court also may not reduce his sentence below the new Guideline minimum. *Id.*

If Becton qualifies, the Court moves to step two, where it must consider the relevant § 3553(a) factors and determine whether the particular circumstances of this case justify a reduction. *Id.* The choice to reduce a sentence at step two rests within the Court's sole discretion. *See* 18 U.S.C. § 3582(c)(2) (stating courts "*may* reduce the term of imprisonment" (emphasis added)); *see also United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) (stating this grant of authority "is unambiguously discretionary").

3

### III.

Start with step one.  As both parties recognize, Becton is eligible for—but not entitled to—a sentencing reduction under Amendment 821.  *See* Def.'s Mot. at 7–8; Gov't Opp'n at 7–8, ECF No. 637.  Becton received two status points when he was originally sentenced.  *See* Sentencing Tr. at 4:22–5:2, ECF No. 347.  Under the Amendment, however, he would have received only one point.  That makes Becton eligible for a reduction.  *See* U.S.S.G. § 1B1.10.

Now for step two.  For the third time in three years, the Court concludes that none of the relevant § 3553(a) factors favor Becton's early release.  *See Becton I*, 2021 WL 6621166, at *3–4; *Becton II*, 2023 WL 1100708, at *5–6.  Three factors are particularly applicable:  the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for specific deterrence, and the need to protect the public.  18 U.S.C. § 3553(a)(1), (a)(2)(B), and (a)(2)(C); *see also id.* § 3582(c)(2) (stating courts must only consider the "applicable" § 3553(a) factors).  None favor early release.

*First*, Becton committed serious offenses that reflect his propensity for unlawful behavior.  *See* 18 U.S.C. § 3553(a)(1) and (a)(2)(A).  A jury found him guilty of leading a violent drug-trafficking ring in his own neighborhood.  *See* Verdict at 1–5.  As Judge Robertson put it at sentencing, he "spread[] poison among [his] community."  Sentencing Tr. at 17:24.  And the underlying offenses here were simply a capstone to Becton's criminal career.  He had previously been convicted of several drug- and gun-related felonies, *see* Presentence Report at 17–19, ECF No. 313, leading Judge Robertson to conclude that Becton "clearly never did anything with his life except deal drugs," Sentencing Tr. at 17:8–9.

*Second*, Becton needs a 246-month sentence to deter him from future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2)(B).  His unlawful conduct here followed two prison terms for drug-

4

related offenses. *See* Sentencing Tr. 17:9–10. Apparently, those prior, lighter terms of imprisonment did not teach him "right from wrong." *Id.* at 17:10. In fact, Becton "unbelievably" smuggled "drugs in and out of a federal prison" before his sentencing here. *Id.* at 17:10–12. After surveying Becton's conduct, Judge Robertson concluded that he "has done nothing to demonstrate that he is entitled to any leniency from the Court." *Id.* at 17:13–14.

*Third*, Becton needs to serve the rest of his 246-month sentence to protect the public. *See* 18 U.S.C. § 3553(a)(2)(C). At sentencing, Judge Robertson specifically found that Becton posed "a threat to the community" and needed to "be removed from the community" for a lengthy period. Sentencing Tr. 17:22–18:2. This finding continues to carry force given Becton's disciplinary rap sheet. Since he was initially incarcerated, he has racked up 18 infractions. *See* Disciplinary Records at 15–20, ECF No. 636-1. And, incredibly, *four* of these infractions happened *after* Judge Jackson gave him a break on his original 300-month sentence. *See* Disciplinary Records at 15–16. He fought with another person, possessed a hazardous tool, possessed drugs or alcohol, and received a citation for disruptive conduct. *See id.*

Becton argues that these infractions deserve little weight. He describes one of them as "bogus," saying that prisoners have "minimal due process rights" in disciplinary proceedings. Def.'s Mot. at 9–10. And he asserts that he would not "pose a danger to the community if his sentence was reduced." *Id.* The Court disagrees. These infractions are not one-off occurrences; they reflect a continuous pattern of defiant behavior and disrespect for the rule of law.

Amendment 821 does not change the Court's calculus. Becton correctly notes that a sentence of "time served" (or 220 months) would fit within the new advisory range of 210 to 262 months. *See* Def.'s Mot. at 7. But his current 246-month sentence also fits within that range,

just as it did the old one.  And nothing entitles Becton to a "proportional sentence reduction" consistent with his newly reduced advisory range.  *Id.* at 8.

True, the "Guidelines provide the starting point and the initial benchmark" for federal sentences, but they "are not the only consideration."  *United States v. Jones*, 846 F.3d 366, 372 (D.C. Cir. 2017) (cleaned up).  The Court emphasizes that the driving considerations behind Becton's current sentence—the applicable § 3553(a) factors outlined above—remain unchanged.  The Court is still firmly convinced that "that nothing less than" Becton's already-reduced 246-month sentence "would be enough."  *Id.*  That sentence fits comfortably within his preferred Guideline range, further counseling against any additional reduction.

### IV.

Becton's original sentence carefully reflected the applicable § 3553(a) factors.  After Judge Jackson reduced that sentence by several years, he accrued new disciplinary infractions.  Nothing in § 3553(a) warrants a further reduction.  In sum, Becton has not "demonstrate[d] that he is entitled to any [further] leniency from the Court."  Sentencing Tr. at 17:13–14.

For these reasons, it is hereby

**ORDERED** that Defendant's [636] Motion to Reduce Sentence is DENIED, and it is further

**ORDERED** that Defendant's [629] Motion for Compassionate Release is DENIED.

**SO ORDERED**.

Dated: August 26, 2024                                   TREVOR N. McFADDEN, U.S.D.J.